IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVOCATE HEALTH CARE NETWORK, *et al.* | ) ) ) |
| *Plaintiffs*, | ) ) Case No. 25-CV-02419 ) |
| v. | ) Hon. Steven C. Seeger ) |
| SPECWORKS, INC., *et al.*, | ) ) |
| *Defendants*. | ) ) |

**PLAINTIFFS' NOTIFICATION OF NON-EXISTENT
LEGAL AUTHORITY AND RULE 12(F) MOTION TO STRIKE**

Plaintiffs, Advocate Health Care Network ("Advocate Illinois") and Advocate Aurora Health, Inc. ("AAH") (together "Advocate Health" or "Plaintiffs"), by their attorneys, Quarles & Brady LLP, hereby notify the Court of citations to false and "hallucinated" legal authorities in Defendant Corina Peacock's ("Peacock") Motion to Dismiss (the "Motion"). Dkt. #23. Advocate Health further moves to strike the Motion under Rule 12(f).

**I.    INTRODUCTION**

"The legal system finds itself in a brave new world, driven by rapid advancements in technology which are materially changing how attorneys practice law and litigate." *Versant Funding LLC, v. Tersas Breakbulk Ocean*, 17-CV-81140, 2025 WL 1440351, at *3 (S.D. Fla. May 20, 2025). "A relatively recent development for our legal system is the availability of Artificial Intelligence, including … 'Generative AI.'" *Id.* (internal citation omitted). "It is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and pro se litigants have cited such fake, hallucinated cases in their briefs." *Sanders v. United States*, 24-CV-1301, 2025 WL 957666, at *4 (Fed. Cl. Mar. 31, 2025).

1

Advocate Health submits this Notification and Motion to Strike because, on information and belief, it appears that Defendant Peacock employed generative AI in drafting her Motion. Dkt. #23.[1] The Motion contains several instances of what appear to be AI-generated hallucinations, constituting incongruous arguments, fabricated citations, and false quotations of legal authority. The Motion is also procedurally improper as Defendant Peacock fully answered the Complaint *before* moving to dismiss. Therefore, Advocate Health moves under Rule 12(f) to strike Peacock's Motion and defers to the Court to fashion any further remedies it deems appropriate.

## II. LEGAL STANDARD

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).[2] "The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.*

"The court may either strike on its own or on a motion by a party and has considerable discretion in striking any redundant, immaterial, impertinent or scandalous matter." *Delta Consulting Group, Inc. v. R. Randle Construction, Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009).

## III. THE FALSE CITATIONS AND HALLUCINATIONS

Defendants filed their combined Answer on May 16, 2025. *See* Dkt. #22. Defendant Peacock then filed her 12(b) Motion *after* filing the Answer, notwithstanding the plain language

---

[1] It is unknown whether Defendants utilized generative AI to draft their Answer, twelve affirmative defenses, and/or counterclaims. *See* Dkt. #22.

[2] Advocate recognizes that the Court's standing order strongly disfavors motions to strike under normal circumstances. However, these are not normal circumstances. A Rule 12(f) motion is appropriate because the citation of false and misleading legal authorities is squarely "immaterial, impertinent, or scandalous matter[s]." *See* Fed. R. Civ. P.12(f).

2

of Rule 12(b) prohibiting this sequence. *See* Fed. R. Civ. P. 12 ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

Suspicion that generative AI had been used to draft the Motion was first raised after undersigned counsel observed that Peacock moved to dismiss a breach of contract claim purportedly asserted against her *individually*. *See* Dkt. #23 at 11 ("Count X should therefore be dismissed as against Ms. Peacock."). But Advocate Health did not assert a breach of contract claim against Peacock. Count X of the Complaint plainly seeks relief *only* against the corporate defendant, SpecWorks. *See* Compl. at 28 ("Breach of Contract against SpecWorks.").

Advocate Health's counsel then began reviewing the cases cited in the Motion. For example, pages four and five of the Motion contain the following quotation:

> It is a 'bedrock principle' that if a corporation's employees 'are not alleged to have acted on their own behalf, but only as officers' of the corporation, they 'are not personally liable'.

Mot. at 4-5.

The Motion provides the following citation for that alleged quote:

> *Service By Air, Inc. v. Phoenix Cartage & Air Freight, LLC,* 78 F. Supp. 3d 852, 858 (N.D. Ill. 2015) (quoting *Zurich American Ins. Co. v. Rite Aid Corp.,* 29 F.4th 794, 807 (7th Cir. 2022)).

*Id.*

A review of *Service by Air*, however, reveals that the above quotation appears **nowhere** in that opinion.

The Motion further represents that the above "quote" was originally found in a case titled *Zurich American Ins. Co. v. Rite Aid Corp.*—an opinion purportedly handed down by the 7th Circuit in 2022. However, there is no such 7th Circuit case. The reporter citation at issue (29 F.4th 794) resolves instead to a 6th Circuit case entitled *Cardinal Health, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 29 F.4th 792 (6th Cir. 2022). *Cardinal Health* is an insurance coverage case

3

involving a declaratory injunction. It has nothing to do with corporate officer liability. Further, while there is a published case entitled *Zurich v. Rite Aid*, it is not in the 7th Circuit. *Zurich* is a 2004 Eastern District of Pennsylvania case addressing whether an arbitration record ought to remain sealed. *Zurich Am. Ins. Co. v. Rite Aid Corp.*, 345 F. Supp. 2d 497 (E.D. Pa. 2004).

The Motion contains several other likely hallucinations. It provides the following purported quotation from *Syscon, Inc. v. Vehicle Valuation Servs., Inc.*, 274 F. Supp. 2d 975, 976 (N.D. Ill. 2003): "This requires 'evidence of personal direction or active participation in the tortious conduct.'" Mot. at 8. However, once again, this quotation does not exist in that opinion. These citation errors and false quotations are consistent with what other courts have observed in dealing with generative AI hallucinations. "Fake cases generated by AI often have reporter citations that lead to cases with different names, in different courts, and about different subjects." *Sanders*, 2025 WL 957666, at *4 n 8. *See also id.* citing *United States v. Hayes*, 763 F. Supp. 3d 1054, 1065-1066 (E.D. Cal. Jan. 17, 2025) (describing the hallmarks of citations generated by AI); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 453–59 (S.D.N.Y. 2023) (discussing citation of fake cases generated by AI).

Next, the Motion cites *Chinese Consolidated Benevolent Association v. Chicago Chinatown Bridgeport Alliance Service Center*, 1:21-cv-04370, at *11 (N.D. Ill. Sept. 30, 2023), without a Westlaw or other reporter citation.[3] Peacock cites this case for the quotation: "[t]o hold a corporate officer personally liable for trademark infringement, a plaintiff must allege that the officer 'personally participates in or directs the tortious acts.'" Mot. at 8. This quoted language does not appear in the opinion and the cited page does not exist. This case actually cuts against Peacock's arguments, because there, the court found the plaintiff "sufficiently pleaded the 'special

---

[3] The correct citation is: *Chinese Consol. Benevolent Ass'n v. Chicago Chinatown Bridgeport All. Serv. Ctr.*, No. 21-CV-04370, 2023 WL 6388099 (N.D. Ill. Sept. 30, 2023).

4

showing' necessary to state claim of trademark infringement against [the officer]" based upon her specific conduct. *Chinese Consol.*, 2023 WL 6388099, at *6.

Peacock next cites *Desmond v. Chicago Boxed Beef Distributors, Inc.*, 921 F. Supp. 2d 872, 884 (N.D. Ill. 2013). *See* Mot. at 9. Peacock's motion represents that the court in *Desmond* "specifically held" as follows:

> The court specifically held that a corporate officer cannot be held individually liable absent allegations that the officer "**personally participated in or directed the tortious acts**."

Mot. at 9 quoting *Desmond,* 921 F. Supp. 2d at 877, 885-86. In the actual opinion, the bolded language does not exist.

The Motion may contain other problematic citations or quotations. However, Advocate Health has elected to notify the Court of its findings as soon as possible rather than spend further resources vetting the Defendants' work product.

## IV. REQUEST FOR RELIEF

Advocate Health requests that the Court strike Peacock's Motion in its entirety so that it need not spend further resources in having to respond to a procedurally improper document containing non-existent legal authorities and quotations.

Advocate Health defers to the Court as to whether sanctions may be warranted for this conduct. Other courts confronted with similar facts have issued sanctions under three primary jurisdictional bases: (1) 28 U.S.C. § 1927; (2) *sua sponte* pursuant to Fed. R. Civ. P. 11(b)(2) and 11(c); or (3) via the inherent authority of the Court. *See, e.g., Versant Funding,* 2025 WL 1440351, at *4-5 (entering sanctions pursuant to 28 U.S.C. 1927, Rule 11, the court's local rules, and the court's inherent authority, commenting that "[t]he filing by an attorney of a pleading, motion, response, reply, or other paper in court without checking the accuracy of the case citations and the

5

proposition the case supports, resulting in a fake case citation being presented to the Court, violates an attorney's legal and ethical duties and obligations."); *Mid Cent. Operating Engineers Health & Welfare Fund v. HoosierVac LLC*, 2:24-CV-00326-JPH-MJD, 2025 WL 574234, at *5 (S.D. Ind. Feb. 21, 2025) (sanctioning counsel for use of hallucinated citations in filings under Rule 11); *Dehghani v. Castro*, 2:25-CV-0052 MIS-DLM, 2025 WL 988009, at *5 (D.N.M. Apr. 2, 2025), *aff'd,* 2:25-CV-00052-MIS-DLM, 2025 WL 1361765 (D.N.M. May 9, 2025) (sanctioning counsel for citing non-existent case law).

WHEREFORE, Plaintiffs hereby notify the Court of the foregoing non-existent or misrepresented legal authority contained in Peacock's Motion and move under Rule 12(f) for an order striking Peacock's Motion to Dismiss (Dkt. #23). Plaintiffs further request that the Court enter all such other relief it deems just.

Dated: May 23, 2025

Respectfully submitted,

ADVOCATE AURORA HEALTH, INC.
ADVOCATE HEALTH CARE NETWORK

By: /s/ *Mark W. Bina*
Mark Bina (ARDC #6288024)
Christian G. Stahl (ARDC #6290825)
Gabrielle Winslow (ARDC #6330644)
QUARLES & BRADY LLP
155 N. Wacker Drive, Suite 3200
Chicago, Illinois 60654
(312) 715-5000
mark.bina@quarles.com
christian.stahl@quarles.com
gabrielle.winslow@quarles.com

QB\96571956.5